## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 14 2018, 7:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela Sanchez
Assistant Section Chief, Criminal Appeals
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shane T. Wilson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 14, 2018 <br><br> Court of Appeals Case No. 18A-CR-233 <br><br> Appeal from the Ripley Superior Court <br><br> The Honorable Jeffrey L. Sharp, Judge <br><br> Trial Court Cause No. 69D01-1707-F6-111 |

**Najam, Judge.**

# Statement of the Case

Shane T. Wilson appeals his 830-day sentence following his conviction for attempted arson, as a Level 6 felony. Wilson raises a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

# Facts and Procedural History

On July 13, 2017, Wilson poured gasoline on Ashley Wilson, his wife of nine years, while she was in the marital bed and threatened to set her and the bed on fire. Ashley called police, and officers arrested Wilson. The State charged Wilson with arson and intimidation, and he pleaded guilty to attempted arson, as a Level 6 felony.

In January of 2018, the trial court held a sentencing hearing, and Ashley testified. Following the hearing, the court found as follows:

> The Court appreciates both parties' well-thought out arguments, but[,] really, when you cut this thing, it is very simple. We have a situation where a man threatened his wife to set her on fire. I kind of think that is enough said. The Court does find the criminal history to be an aggravating factor, two prior OWIs. The Court gives that the weight the two OWIs get, it is not a first-time offense and this is his third offense. . . . The Court considers the impact on the victim[] as a[n] aggravating factor, that being her own statement that indicates that she constantly lives in fear with this situation and has constant nightmares and that it has not only affected her, but it has affected her children.

The other aggravators the State's indicated . . . is just the nature and the circumstance. On[c]e again, you end up with a situation where you have a domestic situation that escalates to the point where the Defendant had removed all of the telephones from the home, disconnected the wires to the battery of the . . . vehicles and doused the bed with gasoline and threatened her with a lighter. I honestly can't think, that is a very terrifying situation and I think it is a heinous, heinous act, probably one of the worst. The Court does consider the mitigating factor that Mr. Wilson ple[aded] guilty with no plea agreement. Balancing the aggravators and mitigators, the Court finds the aggravators clearly outweigh the mitigators and sentence[s] Mr. Wilson to 830 days, with all of that time executed . . . .

Sent. Tr. at 28-29. This appeal ensued.

# Discussion and Decision

On appeal, Wilson asserts that his sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The Indiana Supreme Court has recently reiterated that:

> The principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind.), as amended (July 10, 2007), *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

*Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (omission in original).

[6] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id*. at 1224. Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[7] Again, the trial court ordered Wilson to serve 830 days, about 82 days shy of two and one-half years. For a Level 6 felony conviction, a sentence may be between six months and two and one-half years, with an advisory term of one year. Ind. Code § 35-50-2-7(b) (2018). In support of Wilson's aggravated sentence, the court relied on Wilson's criminal history, the impact of the crime on his victim, and the nature and circumstances of the offense.

[8] Wilson asserts that his sentence is inappropriate in light of the nature of the offense because he and Ashley had had marital trouble and the nature and circumstances of the offense do not exceed the statutory elements of the offense. He also asserts that, while Ashley was negatively impacted, "[s]he received no

physical injury." Appellant's Br. at 11. And, with respect to his character, Wilson states that he has a history of mental illnesses, that his prior criminal history is unrelated and remote in time, that he quickly pleaded guilty without the benefit of a plea agreement, and that he has abided by the court's no-contact order.

[9] We cannot say that Wilson's 830-day sentence is inappropriate in light of the nature of the offense. Rather, we agree with the trial court that the nature and circumstances of the offense reflect its "heinous" and "terrifying" nature. Sent. Tr. at 28-29. Wilson pleaded guilty to attempted arson under Indiana Code Section 35-43-1-1(d), which is a Level 6 felony as a property offense, and he contends that the facts show nothing more than the elements of that offense. But that is manifestly incorrect. Wilson threatened to set his wife on fire in their marital bed after he had hidden phones in the residence and disabled the family vehicles. This was more than a mere property offense. Further, Ashley and her children continue to suffer from the terrifying nature of Wilson's act— Ashley has constant nightmares and the children now fear their former father figure.

[10] Likewise, we cannot say that his sentence is inappropriate in light of his character. While his guilty plea is deserving of mitigating weight and his criminal history is unrelated and remote, the trial court considered those factors in the first instance and we cannot say that its balancing of them was erroneous. Instead, we agree with the trial court that the fact that this was Wilson's third

criminal offense reflects poorly on his character, as does the domestic nature of his threatened violence. We affirm Wilson's 830-day sentence.

[11] Affirmed.

Crone, J., and Pyle, J., concur.